UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT D. MARTIN and EMILY F. MARTIN, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA and SEASIDE TRUSTEE, INC. <br><br> Defendants. | Case No.: 2:15-cv-0372-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 9) filed by Defendant Bank of America, N.A. ("BOA"). Plaintiffs Robert Martin and Emily Martin filed a Response in opposition (ECF No. 15), and BOA filed a Reply (ECF No. 18).

Also before the Court is the Motion to Dismiss, (ECF No. 11), filed by Defendant Seaside Trustee, Inc. ("Seaside"), to which Plaintiffs responded in opposition, (ECF No. 17). For the reasons set forth herein, the Court will grant Defendants' Motions and dismiss Plaintiffs' Complaint.

**I. BACKGROUND**

This case centers upon allegations that Defendants wrongfully attempted to foreclose upon Plaintiffs' residence, located at 3045 Monte Rosa Avenue in Las Vegas, Nevada (the "Property"). (Compl., ECF No. 1-1).

According to the Complaint, Plaintiffs obtained a fifteen-year mortgage upon the Property through BOA prior to 2007. (*Id.* ¶ 8). In mid-2009, Plaintiffs stopped making mortgage payments to BOA. (*Id.* ¶ 11). Subsequently, Plaintiffs and BOA entered into negotiations regarding an adjustment to the mortgage's terms. (*Id.*).

In 2010, Plaintiffs and BOA participated in a mediation pursuant to Nevada's foreclosure mediation program, codified as Section 107.086 of the Nevada Revised Statutes.

(*Id.* ¶ 12).  The Complaint alleges that BOA did not participate in these negotiations in good faith, because no one with authority to modify the mortgage loan on BOA's behalf was present or available at the mediation. (*Id.*).

Following the mediation, Plaintiffs listed the Property for short sale. (*Id.* ¶ 14).  Though Plaintiffs identified a buyer willing to purchase the Property for the listed short-sale price, BOA allegedly refused to agree to the terms of the sale. (*Id.* ¶ 15).  On February 6, 2015, Seaside, on behalf of BOA, filed a notice of foreclosure regarding the Property. (*Id.* ¶ 18).

Based on these allegations, Plaintiffs filed their Complaint in Clark County District Court on February 23, 2015, setting forth claims of (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) injunctive relief, (4) declaratory relief, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, and (7) violations of the rules of Nevada's foreclosure mediation program. (*Id.* ¶¶ 19-50).  Defendants removed the action on March 2, 2015, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. 1:19-23, ECF No. 1).

In the instant Motions, Defendants argue that Plaintiffs have failed to state a claim upon which relief can be granted, and thus assert that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II. LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

1    "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
2 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556
3 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility
4 when the plaintiff pleads factual content that allows the court to draw the reasonable inference
5 that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a
6 sheer possibility that a defendant has acted unlawfully." *Id*.
7    "Generally, a district court may not consider any material beyond the pleadings in ruling
8 on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,
9 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the
10 complaint may be considered." *Id*.  Similarly, "documents whose contents are alleged in a
11 complaint and whose authenticity no party questions, but which are not physically attached to
12 the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without
13 converting the motion to dismiss into a motion for summary judgment. *E.g.*, *Branch v. Tunnell*,
14 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice
15 of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.
16 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss
17 is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).
18    If the court grants a motion to dismiss for failure to state a claim, leave to amend should
19 be granted unless it is clear that the deficiencies of the complaint cannot be cured by
20 amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant
21 to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in
22 the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the
23 movant, repeated failure to cure deficiencies by amendments previously allowed, undue
24 prejudice to the opposing party by virtue of allowance of the amendment, futility of the
25 amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

In its Motion, Seaside argues that the claims against it should be dismissed because the Complaint fails to set forth any allegations indicating that Seaside participated in any wrongdoing. Indeed, in regard to Seaside, Plaintiffs allege only that, "On or about February 6, 2015 [BOA] through its trustee, Seaside Trustee, Inc. issued a notice of foreclosure." (Compl. ¶ 18). However, without any further elaboration, a trustee's mere act of issuing a foreclosure notice is not sufficient to establish a claim for relief. Therefore, Seaside's Motion to Dismiss will be granted, and Plaintiffs' claims against Seaside will be dismissed without prejudice.

In assessing BOA's Motion to Dismiss, the Court will address each of Plaintiffs' claims in turn.

**A. Breach of Contract**

A claim for breach of contract must allege (1) the existence of a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement").

The Complaint alleges, "At all times relevant [BOA] has been in breach of its obligations under its contracts with [Plaintiffs], both under the loan and its agreements under [Nevada's foreclosure mediation program]." (Compl. ¶ 20). This allegation, by itself, is insufficient to establish a claim for breach of contract. Though the Complaint alleges that there was a mortgage agreement between Plaintiffs and BOA, (Compl. ¶ 8), it contains no allegations which would put BOA on notice as to how the mortgage agreement was breached. Similarly, though the Complaint implies that BOA violated an agreement that was formed at the 2010 mediation, it fails to allege that such an agreement was ever actually approved by BOA.

Plaintiffs therefore fail to sufficiently allege that BOA breached the original mortgage agreement or any agreement that was subsequently executed, and the Court will thus dismiss Plaintiffs' breach of contract claim.

### B. Breach of the Implied Covenant of Good Faith

Under Nevada law, a covenant of good faith and fair dealing is implied into every contract. *See Hilton Hotels Corp. v. Butch Lewis Prods., Inc.,* 808 P.2d 919, 922 (Nev. 1991). A breach of the covenant of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *Id.* at 922-23.

Similar to their breach of contract claim, Plaintiffs' claim for breach of the implied covenant of good faith must be dismissed. The Complaint appears to indicate that BOA breached this covenant by attempting to foreclose upon the Property, or by refusing to permit a non-recourse short sale of the Property. However, neither of these allegations, without more, support a reasonable inference that BOA unfairly breached the intention or spirit of any agreement with Plaintiffs. Thus, BOA's Motion to Dismiss will be granted as to this claim.

### C. Injunctive and Declaratory Relief

It is well established that injunctive relief and declaratory relief are remedies rather than independent claims for relief. *See, e.g.*, *Hymas v. Deutsche Bank Nat. Trust Co.*, No. 2:13-cv-1869-RCJ-GWF, 2013 WL 6795731, at *5 (D. Nev. Dec. 19, 2013) (holding that neither injunctive relief nor declaratory relief constitute an independent cause of action). Accordingly, the Court will grant BOA's Motion to Dismiss as to these claims. As the shortcomings of these claims cannot be remedied by amendment, the dismissal will be with prejudice.

### D. Intentional Infliction of Emotional Distress

To establish a claim of intentional infliction of emotional distress, a plaintiff must demonstrate that: (1) a defendant engaged in "extreme and outrageous conduct with either the

intention of, or reckless disregard for, causing emotional distress; (2) [the plaintiff] suffered severe or extreme emotional distress; and (3) actual or proximate causation." *Posadas v. City of Reno*, 851 P.2d 438, 444 (Nev. 1993). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community"; however, this description does not encompass acts which are merely "inconsiderate" or "unkind." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998).

In this case, Plaintiffs ostensibly allege that BOA's refusal to approve a non-recourse short sale and its attempt to foreclose upon the Property caused them emotional distress. However, these allegations fail to establish a claim for relief, as a mortgage lender's attempt to foreclose upon a property after a borrower has ceased making payments or its refusal to accept less than it is owed under a loan agreement cannot be classified as "extreme and outrageous" conduct. Accordingly, BOA's Motion to Dismiss will be granted as to this claim.

### E. Negligent Infliction of Emotional Distress

In order to succeed on a claim of negligent infliction of emotional distress, a plaintiff must generally allege that a physical impact occurred or, alternatively, that he suffered "serious emotional distress causing injury or illness." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998). Although the Nevada Supreme Court has relaxed the physical impact requirement for limited categories of claims, it has also made clear that this requirement still applies to claims of emotional distress arising from real estate transactions. *See Betsinger v. D.R. Norton, Inc.,* 232 P.3d 433, 436 (Nev. 2010) ("[T]here is no guarantee of the legitimacy of a claim for emotional distress damages resulting from a failed real estate and lending transaction without a requirement of some physical manifestation of emotional distress.").

In the instant case, Plaintiffs have failed to allege either a physical impact or serious emotional distress which caused injury or illness, and thus, BOA's Motion to Dismiss will be granted as to this claim.

**F. Violations of Nevada's Supreme Court Mediation Rules**

Nevada's foreclosure mediation program, enacted in 2009, is codified as Section 107.086 of the Nevada Revised Statutes. After the conclusion of a mediation performed within this program, the mediator must file a statement with the program administrator, indicating whether all parties complied with the relevant statutory provisions and rules. *Pasillas v. HSBC Bank USA*, 255 P.3d 1281, 1284 (Nev. 2011). The statute itself provides a mechanism by which a borrower may request sanctions based on a lender's failure to adhere to the rules of the mediation process:

> If the beneficiary does not (1) attend the mediation; (2) mediate in good faith; (3) provide the required documents; or (4) if attending through a representative, have a person present with authority to modify the loan or access to such a person, the mediator is required to submit . . . a petition and recommendation concerning the imposition of sanctions. The homeowner may then file a petition for judicial review with the district court, and the court may issue an order imposing such sanctions against the beneficiary of the deed of trust or the representative as the court determines appropriate.

*Id.* at 1284-85 (citing Nev. Rev. Stat. § 107.086(5)).

In this case, Plaintiffs allege that BOA violated the provisions of Section 107.086 by failing to have a person present at the mediation who either had direct authority to modify the loan or access to someone with such authority. Though the Nevada Supreme Court has stated that sanctions may be issued based on a party's failure to satisfy the requirements of the mediation process, Section 107.086 makes clear that a mediator must issue a petition which identifies violations before a party may request the imposition of sanctions. Nev. Rev. Stat. § 107.086(5). Plaintiffs have failed to allege that the mediator involved in this matter issued a petition stating that any violations occurred; therefore, Plaintiffs have failed allege a necessary condition which would give rise to a claim under Section 107.086. As such, BOA's Motion to Dismiss will be granted as to this claim.

Because the shortcomings of Plaintiffs' claims for breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, negligent infliction of emotional distress, and violation of Nevada's mediation rules might be corrected through amendment, the Court will dismiss these claims without prejudice. Plaintiffs will be given leave to file an amended complaint which corrects the deficiencies identified herein.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 9, 11) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for injunctive relief and declaratory relief are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the remaining claims set forth in the Complaint are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have **until February 1, 2016**, to file an amended complaint in this action. Failure to file by this deadline will result in dismissal with prejudice.

**DATED** this __6__ day of January, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court