UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT D. MARTIN and EMILY F. MARTIN, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA and SEASIDE TRUSTEE, INC., <br><br> Defendants. | Case No.: 2:15-cv-0372-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 26), filed by Defendant Bank of America, N.A. ("BOA"). Plaintiffs Robert Martin and Emily Martin filed a Response in opposition, (ECF No. 27), and BOA filed a Reply, (ECF No. 28).

Also before the Court is the Motion to Dismiss, (ECF No. 25), filed by Defendant Seaside Trustee, Inc. ("Seaside"). Plaintiffs responded in opposition, (ECF No. 27), and Seaside replied, (ECF No. 29). For the reasons set forth herein, the Court will grant Defendants' Motions and dismiss Plaintiffs' Amended Complaint.

### I. BACKGROUND

This case centers upon allegations that Defendants wrongfully attempted to foreclose upon Plaintiffs' residence, located at 3045 Monte Rosa Avenue in Las Vegas, Nevada (the "Property"). (Am. Compl., ECF No. 24).

According to the Complaint, Plaintiffs obtained a fifteen-year mortgage upon the Property through BOA prior to 2007. (*Id.* ¶ 8). In mid-2009, Plaintiffs stopped making mortgage payments to BOA. (*Id.* ¶ 11). Subsequently, Plaintiffs and BOA entered into negotiations regarding an adjustment to the mortgage's terms. (*Id.*).

In 2010, Plaintiffs and BOA participated in a mediation pursuant to Nevada's foreclosure mediation program, codified as Section 107.086 of the Nevada Revised Statutes.

(*Id.* ¶ 12). The Amended Complaint alleges that BOA did not participate in these negotiations in good faith, because no one with authority to modify the mortgage loan on BOA's behalf was present or available at the mediation. (*Id.*).

Following the mediation, Plaintiffs listed the Property for short sale at a price selected by BOA. (*Id.* ¶ 14). Though Plaintiffs identified a buyer willing to purchase the Property for the listed sale price, BOA allegedly refused to agree to the terms of the sale. (*Id.* ¶ 15). On February 6, 2015, Seaside, on behalf of BOA, filed a notice of foreclosure regarding the Property. (*Id.* ¶ 22).

Plaintiffs filed their original Complaint in Clark County District Court on February 23, 2015. *See* (Compl., ECF No. 1-1). Defendants removed the action on March 2, 2015, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. 1:19-23, ECF No. 1). On January 6, 2016, the Court dismissed the original Complaint, but gave leave for Plaintiffs to file an amended complaint to correct deficiencies in several of their claims for relief. (Dismissal Order, ECF No. 23).

On February 1, 2016, Plaintiffs filed an amended complaint, setting forth claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) violations of the rules of Nevada's foreclosure mediation program, (4) civil conspiracy, and (5) aiding and abetting. (Am. Compl. ¶¶ 24-33, 42-55).[1]

In the instant Motions, Defendants argue that Plaintiffs have failed to state a claim upon which relief can be granted, and thus assert that the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II. LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

---

[1] The Amended Complaint also purports to set forth claims for injunctive and declaratory relief, (Am. Compl. ¶¶ 34-41). However, as these claims have already been dismissed with prejudice, (Dismissal Order 8:9-10), the Court will not further address them in the instant Order.

1  which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
2  555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on
3  which it rests, and although a court must take all factual allegations as true, legal conclusions
4  couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule
5  12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements
6  of a cause of action will not do." *Id*.

7  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
8  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556
9  U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility
10 when the plaintiff pleads factual content that allows the court to draw the reasonable inference
11 that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a
12 sheer possibility that a defendant has acted unlawfully." *Id*.

13 "Generally, a district court may not consider any material beyond the pleadings in ruling
14 on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,
15 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the
16 complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a
17 complaint and whose authenticity no party questions, but which are not physically attached to
18 the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without
19 converting the motion to dismiss into a motion for summary judgment. *E.g.*, *Branch v. Tunnell*,
20 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice
21 of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.
22 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss
23 is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

24 If the court grants a motion to dismiss for failure to state a claim, leave to amend should
25 be granted unless it is clear that the deficiencies of the complaint cannot be cured by

amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

In the instant Motions, Defendants argue that each of the claims in the Amended Complaint should be dismissed pursuant to Rule 12(b)(6).  The Court will address each of these claims in turn.

**A. Breach of Contract**

In order to state a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.").

Though the Plaintiffs allege that BOA violated an agreement that was formed at the 2010 mediation by refusing to approve a non-recourse sale of the property, the Amended Complaint makes clear that the alleged agreement was never reduced to writing. (Am. Compl. ¶ 18) ("Although there is no piece of writing from an authorized [BOA] representative approving the non-recourse sale at the price it set . . . ."). It is well established that agreements to modify notes secured by deeds of trust are subject to the statute of frauds, and therefore are ineffective if not executed in writing. *See Davila v. BAC Home Loans Servicing, LP*, No. 2:10-CV-2252-ECR-GWF, 2011 WL 3159146, at *2 (D. Nev. July 26, 2011); *Wang v. U.S. Bank, NA*, No.

2:10-CV-01741-KJD-PAL, 2011 WL 2222792, at *2 (D. Nev. June 7, 2011); *Tomax v. Wells Fargo Home Mortgage*, No. 2:10-CV-0796-KJD-PAL, 2011 WL 1157285, at *2 (D. Nev. Mar. 29, 2011). In this case, Plaintiffs allege that BOA breached an oral agreement to modify the original terms of the note. Because such an agreement would not be valid, pursuant to the statute of frauds, Plaintiffs' breach of contract claim fails as a matter of law and will thus be dismissed.

### B. Breach of the Implied Covenant of Good Faith

Under Nevada law, a covenant of good faith and fair dealing is implied into every contract. *See Hilton Hotels Corp. v. Butch Lewis Prods., Inc.,* 808 P.2d 919, 922 (Nev. 1991). A breach of the covenant of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *Id.* at 922-23.

Similar to their breach of contract claim, Plaintiffs' claim for breach of the implied covenant of good faith must be dismissed. The Amended Complaint alleges that BOA breached this covenant by refusing to permit a non-recourse short sale of the Property. However, as stated *supra*, because BOA never agreed in writing to approve such a sale of the Property, its refusal to do so could not constitute a breach. Thus, BOA's Motion to Dismiss will be granted as to this claim.

### C. Violations of Nevada's Supreme Court Mediation Rules

Nevada's foreclosure mediation program, enacted in 2009, is codified within Section 107.086 of the Nevada Revised Statutes. After the conclusion of a mediation performed within this program, the mediator must file a statement with the program administrator, indicating whether all parties complied with the relevant statutory provisions and rules. *Pasillas v. HSBC Bank USA*, 255 P.3d 1281, 1284 (Nev. 2011). The statute itself provides a mechanism by which a borrower may request sanctions based on a lender's failure to adhere to the rules of the

mediation process:

> If the beneficiary does not (1) attend the mediation; (2) mediate in good faith; (3) provide the required documents; or (4) if attending through a representative, have a person present with authority to modify the loan or access to such a person, the mediator is required to submit . . . a petition and recommendation concerning the imposition of sanctions. The homeowner may then file a petition for judicial review with the district court, and the court may issue an order imposing such sanctions against the beneficiary of the deed of trust or the representative as the court determines appropriate.

*Id.* at 1284-85 (citing Nev. Rev. Stat. § 107.086(5)).

In this case, Plaintiffs allege that BOA violated the provisions of Section 107.086 by failing to have a person present at the mediation who either had direct authority to modify the loan or access to someone with such authority. Though the Nevada Supreme Court has stated that sanctions may be issued based on a party's failure to satisfy the requirements of the mediation process, Section 107.086 makes clear that a mediator must issue a petition which identifies violations before a party may request the imposition of sanctions. Nev. Rev. Stat. § 107.086(5). Plaintiffs have failed to allege that the mediator involved in this matter issued a petition stating that any violations occurred; therefore, Plaintiffs have failed allege a necessary condition which would give rise to a claim under Section 107.086. As such, BOA's Motion to Dismiss will be granted as to this claim.

### D. Civil Conspiracy and Aiding and Abetting

In Nevada, "an actionable civil conspiracy 'consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts.' " *Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998) (quoting *Hilton Hotels v. Butch Lewis Productions*, 862 P.2d 1207, 1210 (Nev. 1993)).

To state a claim for aiding and abetting, a plaintiff must allege "(1) [a] primary violator

breached a duty that injured the plaintiff, (2) the alleged aider and abettor was aware of its role in promoting the breach at the time it provided assistance, and (3) the alleged [aider and abettor] knowingly and substantially assisted the primary violator in committing the breach." *Terrell v. Cent. Washington Asphalt, Inc.*, No. 2:11-CV-0142-APG-VCF, 2016 WL 950906, at *7 (D. Nev. Mar. 7, 2016).

In this case, Plaintiffs' claims of civil conspiracy and aiding and abetting against Seaside fail because both of these claims rely upon the assertion that BOA held a duty to approve the non-recourse sale. Thus, as BOA's declining to approve the non-recourse sale did not breach a duty to Plaintiffs, Seaside's conduct of recording a notice of foreclosure on behalf of BOA cannot serve as the basis for a civil conspiracy or aiding and abetting claim. Accordingly, both of these claims will be dismissed.

Because the deficiencies in Plaintiffs' claims for relief identified herein cannot be corrected through amendment, the Amended Complaint will be dismissed with prejudice.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, (ECF Nos. 25, 26), are **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended Complaint, (ECF No. 24), is **DISMISSED WITH PREJUDICE.** The Clerk shall enter judgment accordingly and close the case.

**DATED** this ___9_ day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court